# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JASPAL BAIDWAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-01784-TWP-DML |
| | ) | |
| CRAWFORDSVILLE POLICE DEPARTMENT, | ) | |
| and JARED COLLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY GRANTING MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a Motion for Summary Judgment filed by Defendants, Jared Colley ("Officer Colley") and the Crawfordsville Police Department ("Crawfordsville PD," and collectively with Officer Colley, the "Defendants"). (Filing No. 26.) The disputes in this matter surround Plaintiff Jaspal Baidwan's ("Baidwan") claims against the Defendants for false arrest, unlawful search, malicious prosecution and failure to train. Baidwan opposes the Defendants' Motion for Summary Judgment. (Filing No. 31.) For the following reasons, the Court **GRANTS** the Motion.

## I. BACKGROUND

As required by Federal Rule of Civil Procedure 56, the following facts are presented in the light most favorable to Baidwan as the non-moving party. *See Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009); *see also*, *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986).

On July 1, 2014, Kenneth Lybrook ("Lybrook") pulled into a Marathon gas station owned and operated by Baidwan to purchase gasoline. (Filing No. 28-1 at 1; Filing No. 32-1 at 1; Filing No. 32-2 at 1.) Lybrook went inside the station to pay the attendant, Gagandeep Kaur ("Kaur"), and then returned outside to fuel his vehicle. (Filing No. 28-1 at 1.) Lybrook believed that he

prepaid $40.00, however, the fuel pump shut off after only providing $25.00 worth of gasoline. ([Filing No. 28-1 at 1-2](#).) Lybrook returned to the station to inquire why the fuel pump had turned off early. Kaur informed him that he had only paid $25.00, instead of the $40.00 he believed he had paid. ([Filing No. 28-1 at 2](#).)

Baidwan noticed that Lybrook was arguing with Kaur, so he came out of his office to address the situation. ([Filing No. 28-3 at 3](#).) After reviewing a surveillance video of the transaction, Baidwan informed Lybrook that he had only paid $25.00. ([Filing No. 28-3 at 3](#).) The conversation between Baidwan and Lybrook became heated, and Lybrook ended up falling to the floor. ([Filing No. 28-1 at 2-3](#); [Filing No. 28-3 at 3-4](#).) Baidwan then called Crawfordsville PD to report Lybrook's fall. ([Filing No. 28-3 at 6](#).)

Officer Colley responded to Baidwan's call at the Marathon gas station to investigate the situation. ([Filing No. 28-3 at 7](#).) Upon his arrival, Officer Colley observed the scene and conducted interviews of Baidwan, Lybrook, and Kaur about what had happened and about how Lybrook ended up on the floor. ([Filing No. 28-3 at 7](#); [Filing No. 28-5 at 2-3](#).) Lybrook informed Officer Colley that Baidwan had pushed him to the floor, but Baidwan and Kaur both reported that Baidwan did not push Lybrook, rather he had fallen on his own. ([Filing No. 28-5 at 2-3](#).) Baidwan took Officer Colley into his office to allow the officer to watch a surveillance video of the incident between Baidwan and Lybrook. ([Filing No. 28-1 at 5](#); [Filing No. 28-3 at 8](#).) Officer Colley did not take any photographs of the scene and did not write any field notes regarding the incident. ([Filing No. 32-3 at 1-2](#).) Lybrook stated that he did not want to press charges at that time, and Officer Colley left the Marathon station without arresting Baidwan. ([Filing No. 28-3 at 8-9](#).)

Two days later, on July 3, 2014, Lybrook changed his mind and decided to press charges against Baidwan for battery. Lybrook went to the police station and gave an official statement to

Sergeant Geoff Payne ("Sergeant Payne") of Crawfordsville PD. ([Filing No. 32-4 at 1](); [Filing No. 32-10]().) In his statement, Lybrook indicated that Baidwan "shoved [him] with both hands," causing him to fall to the floor and to sustain injuries to his head, elbow, hands, hip, and back. ([Filing No. 32-10]().) When taking the statement, Sergeant Payne also took several photographs of Lybrook's visible injuries, which depicted several bruises to his arms and head. ([Filing No. 32-4 at 2](); [Filing No. 32-5]().) Sergeant Payne assured Lybrook that he would forward his statement and the photographs to Officer Colley so that he could follow up with the employees at Baidwan's Marathon station. ([Filing No. 32-5]().)

On July 4, 2014, after learning of Lybrook's statement, viewing the photos of Lybrook's injuries, and discussing the situation with Lieutenant Largent of Crawfordsville PD and a deputy prosecutor, Officer Colley returned to the Marathon gas station and arrested Baidwan on a charge of misdemeanor battery. ([Filing No. 2 at 5](); [Filing No. 10 at 4](); [Filing No. 32-3 at 2]()). Although Officer Colley did not obtain a warrant to arrest Baidwan ([Filing No. 32-3 at 3]()), he did write a probable cause report to support the arrest. ([Filing No. 32-6]().) In the probable cause report, Officer Colley noted that he had good cause to believe Baidwan committed a battery against Lybrook based on his own observations and Lybrook's credible statements that Baidwan had pushed him to the floor and caused injury. ([Filing No. 32-6]().) Specifically, Officer Colley indicated that he believed Lybrook's statements to be "credible because [Lybrook] was theVictim [sic] to this incident, who reportedHis [sic] observations to the Police immediately and prepared a Statement that could subject him/her to criminal liability should they later be proven false." ([Filing No. 32-6]().)

At the time of Baidwan's arrest, Officer Colley entered Baidwan's office to find the surveillance video that he had previously viewed of the incident. ([Filing No. 28-4 at 7]().) After

3

"looking through the monitor for the video" and failing to find it on his own, Officer Colley asked Baidwan's son, Navpreet Baidwan ("Navpreet"), to help him retrieve the video. Navpreet indicated that he did not know how to access the surveillance footage. ([Filing No. 28-4 at 7](#).) Officer Colley then left Baidwan's office without a copy of the video. ([Filing No. 28-4 at 7](#).)

Officer Colley took Baidwan to the Montgomery County Jail. ([Filing No. 28-3 at 11](#).) Baidwan was released from jail within twelve hours of his arrest. ([Filing No. 28-3 at 2](#).) Charges against Baidwan were ultimately dismissed. While Baidwan does not assert that he sustained any physical harm, he does claim that he suffered reputational harm to his businesses as a result of his arrest. ([Filing No. 28-3 at 12](#).)

On July 1, 2016, Baidwan filed the instant Complaint, asserting claims of false arrest, unlawful search, and malicious prosecution against Officer Colley, as well as a claim of failure to train against Crawfordsville PD, pursuant to 42 U.S.C. § 1983. ([Filing No. 2](#).) Defendants filed a Motion for Summary Judgment on May 16, 2017, arguing that Officer Colley had, or at least reasonably believed he had, probable cause to arrest Baidwan for misdemeanor battery at the time of the arrest. ([Filing No. 27 at 6-12](#).) Defendants further contend that Baidwan failed to provide sufficient evidence to support his claims of unlawful search and malicious prosecution. ([Filing No. 27 at 9-11](#).) Moreover, Defendants assert that Crawfordsville PD is not a proper party to this action as a municipal police department and that Baidwan has not provided a sufficient factual basis to support his claim of failure to train against Crawfordsville PD. ([Filing No. 27 at 12-16](#).) In response, Baidwan argues that the facts of this case do not support a finding that Officer Colley had probable cause to arrest him. ([Filing No. 31 at 4-13](#).) Baidwan also argues that Officer Colley knowingly and plainly violated his rights under the Fourth and Fourteenth Amendments when the officer executed a warrantless arrest and search of his office. ([Filing No. 31 at 13-15](#).)

## II. SUMMARY JUDGMENT STANDARD

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489-90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted). "However, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citation and quotation marks omitted). Additionally, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "The opposing party cannot meet this burden with conclusory statements or speculation but only with appropriate citations to relevant admissible evidence." *Sink v. Knox Cty. Hosp.*, 900 F. Supp. 1065, 1072 (S.D. Ind. 1995) (citations omitted).

"In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of [the] claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citations and quotation marks omitted). "[N]either the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion

for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and quotation marks omitted).

### III. DISCUSSION

#### A. Probable Cause for Arrest

In order to prevail on his claim for false arrest, Baidwan must demonstrate that Officer Colley lacked probable cause to make an arrest. *See Goldberg v. Junion*, 208 F. Supp. 3d 977, 984 (S.D. Ind. 2016). "The existence of probable cause to arrest is an absolute defense to any § 1983 claim against a police officer for false arrest." *Abbott v. Sangamon Cty.*, 705 F.3d 706, 713-14 (7th Cir. 2013). A police officer has probable cause to make an arrest if "a reasonable person confronted with the sum total of the facts known to the officer at the time of the arrest would conclude that the person arrested has committed, is committing, or is about to commit a crime." *Venson v. Altamirano*, 749 F.3d 641, 649 (7th Cir. 2014). This practical definition "'requires something more than a hunch,' but it 'does not require a finding that it was more likely than not that the arrestee was engaged in criminal activity.'" *Goldberg*, 208 F. Supp. 3d at 984 (quoting *Abbott*, 705 F.3d at 714). Determining whether a police officer has probable cause "is an objective inquiry; we do not consider the subjective motivations of the officer." *Thayer v. Chiczewski*, 705 F.3d 237, 247 (7th Cir. 2012) (citing *Whren v. United States*, 517 U.S. 806, 810 (1996)).

Even if a police officer does not actually have probable cause, the defense of qualified immunity provides "an added layer of protection" to "officers who reasonably but mistakenly believe that probable cause exists." *Abbott*, 705 F.3d at 714-15. Qualified immunity in this context, often called "arguable probable cause," shields police officers from "suit for damages if a reasonable officer could have believed the arrest to be lawful, in light of clearly established law and the information the arresting officers possessed." *Id*. at 714 (internal quotations omitted).

Thus, a police officer need only have a reasonable belief of probable cause to avoid liability for a claim of false arrest.

"The existence of probable cause or arguable probable cause depends, in the first instance, on the elements of the predicate criminal offense(s) as defined by state law." *Id*. at 715. In Indiana, a person commits a battery, a Class B misdemeanor, if he or she "knowingly or intentionally … touches another person in a rude, insolent, or angry manner" or "in a rude, insolent, or angry manner places any bodily fluid or waste on another person." Ind. Code § 35-42-2-1(c).

In this instance, Officer Colley had probable cause that Baidwan committed a battery against Lybrook at the time of Baidwan's arrest.[1] In his probable cause affidavit, Officer Colley stated that he relied largely on Lybrook's July 3, 2014 statement, in which Lybrook declared that Baidwan "shoved [him] with both hands" and caused him to fall and to sustain injuries. (Filing No. 32-6; Filing No. 32-10.) When a police officer must decide whether to arrest an individual for a criminal activity that the officer did not witness, that officer "may rely on information provided to him by the victim or by an eyewitness to the crime that the officer reasonably believes is telling the truth. So long as a reasonably credible witness or victim informs the police that someone has committed … a crime, the officers have probable cause" to arrest that individual. *Holmes v. Vill. of Hoffman Estate*, 511 F.3d 673, 680 (7th Cir. 2007) (internal quotations and citations omitted); *see also*, *Howlett v. Hack*, 794 F.3d 721, 727 (7th Cir. 2015); *Abbott*, 705 F.3d at 716. Officer Colley noted that he found Lybrook's statement to be credible because Lybrook was the victim of the perceived battery and prepared his statement subject to criminal penalties. (Filing No. 32-6.) Officer Colley's own observations of the scene, including the surveillance video of the incident

---

[1] Although Baidwan argues that Officer Colley could not have had sufficient information to support a finding of probable cause at the time of the incident on July 1, 2014 (Filing No. 31 at 10), a probable cause determination is based on the information available at the time of the arrest, rather than at the time of the underlying alleged criminal conduct. *See Abbott*, 705 F.3d at 714.

and Lybrook's condition, also support a finding of probable cause. Therefore, because Officer Colley had probable cause to arrest Baidwan on a charge of misdemeanor battery, he cannot be liable under 42 U.S.C. § 1983 for false arrest.[2]

At the very least, Officer Colley had arguable probable cause and, therefore, is protected by qualified immunity. *See Abbott*, 705 F.3d at 718. In light of Lybrook's statements and the fact that Lybrook ended up on the floor after having an altercation with Baidwan, a reasonable person in Officer Colley's position could have concluded that there was probable cause to arrest Baidwan on a charge of battery. *See id*. As such, Officer Colley is shielded by qualified immunity even if probable cause did not actually exist to arrest Baidwan.

**B.     Unlawful Search**

The Court further concludes that the undisputed facts in this case fail to support Baidwan's unlawful search claim. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." While the Fourth Amendment undoubtedly protects private homes from unreasonable searches, it "also affords protection to businesses and commercial facilities." *United States v. Sandoval-Vasquez*, 435 F.3d 739, 742 (7th Cir. 2006) (citing *Dow Chem. Co. v. United States*, 476 U.S. 227, 235 (1986)). "'[T]he touchstone of [a] Fourth Amendment analysis is whether a person has a constitutionally protected reasonable expectation of privacy.'" *Sandoval-Vasquez*, 435 F.3d at 743 (quoting *California v. Ciraolo*, 476 U.S. 207, 211 (1986)). Items that are knowingly exposed to the public, even if they are in one's home or office, are not protected by the Fourth Amendment.

---

[2] Because Officer Colley had probable cause to arrest Baidwan on a charge of misdemeanor battery, his arrest of Baidwan without a warrant satisfied the requirements of the Fourth Amendment. *See Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) ("In conformity with the rule at common law, a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed."); *United States v. Freeman*, 691 F.3d 893, 899 (7th Cir. 2012) ("A warrantless arrest satisfies the Fourth Amendment if supported by probable cause that the arrested individual committed a crime.").

*Sandoval-Vasquez*, 435 F.3d at 743 (quoting *Katz v. United States*, 389 U.S. 347, 360 (1967)). Furthermore, a police officer's entry into an open business to ask for permission to search does not constitute a violation of the Fourth Amendment. *Sandoval-Vasquez*, 435 F.3d at 743.

Here, nothing in the evidence of record demonstrates that Officer Colley performed an unlawful search of Baidwan's office. While Officer Colley entered Baidwan's office to retrieve the surveillance video of the July 1, 2014 incident, there is no evidence or allegation that Officer Colley searched for items in the office that were not readily exposed to the public or otherwise acted unreasonably in violation of the Fourth Amendment. Instead, the designated evidence merely demonstrates that Officer Colley entered Baidwan's office, performed a cursory search for the video by "looking through the monitor," asked Navpreet how to access the surveillance footage, and left the office without the video. ([Filing No. 28-4 at 7](Filing No. 28-4 at 7).) Although Baidwan had the opportunity to provide factual evidence demonstrating that Officer Colley's actions constituted an unlawful search, Baidwan failed to respond in any way to Defendants' arguments regarding unlawful search in support of the Motion for Summary Judgment and therefore effectively admitted that no questions of material fact exist as to the alleged unlawful search of Baidwan's office. *See Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995) (concluding that a non-movant's failure to respond "constitutes an admission … that there are no disputed issues of genuine fact warranting a trial"). As such, because the undisputed facts in this case do not demonstrate that Officer Colley performed an unreasonable search, summary judgment is **granted** on Baidwan's unlawful search claim.

**C.** **Malicious Prosecution**

The Court also dismisses Baidwan's claim for malicious prosecution against Officer Colley. "To state a claim for malicious prosecution under § 1983, a plaintiff must demonstrate

9

that (1) he has satisfied the elements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of liberty." *Welton v. Anderson*, 770 F.3d 670, 674 (7th Cir. 2014). The elements of malicious prosecution under Indiana law are "(1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor." *Id*. (internal quotations omitted). A plaintiff may demonstrate malice through "evidence of personal animosity or inferred from a complete lack of probable cause or a failure to conduct an adequate investigation under the circumstances." *Id*. (internal quotations omitted).

As discussed above, Officer Colley had probable cause to arrest Baidwan on a charge of misdemeanor battery. *See supra* Section III.A. However, even if Officer Colley did not have probable cause, Baidwan's claim for malicious prosecution still could not survive. Claims for malicious prosecution against police officers are "anomalous" because police officers do not actually prosecute individuals. *Reed v. City of Chicago*, 77 F.3d 1049, 1053 (7th Cir. 1996). Rather, while a wrongful arrest may act as the first step towards a claim for malicious prosecution, it is the state prosecutors, not police officers, that actually prosecute individuals. *See id*. (concluding that there is no direct chain of causation between a wrongful arrest by a police officer and an ultimate criminal prosecution against the arrestee). Furthermore, Baidwan has not demonstrated that Officer Colley acted with malice in arresting him. Baidwan has offered no evidence to show that Officer Colley's investigation of the incident was inadequate to support the charge of misdemeanor battery or that Officer Colley had any personal animosity towards him. Therefore, Baidwan's malicious prosecution claim fails.

### D. Failure to Train

In addition to his claims against Office Colley specifically, Baidwan further asserts a claim for failure to train against Crawfordsville PD. ([Filing No. 2 at 9-10](#).) Under certain circumstances, a municipality may be held liable for failing to properly train municipal employees. *City of Canton v. Harris*, 489 U.S. 378, 380 (1989). "[T]he inadequacy of police training may serve as a basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id*. at 388. Such deliberate indifference may arise in two ways: (1) by failing "to provide adequate training in light of foreseeable consequences"; or (2) by failing "to act in response to repeated complaints of constitutional violations by its officers." *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1029-30 (7th Cir. 2006); *see also*, *Dunn v. City of Elgin*, 347 F.3d 641, 646 (7th Cir. 2003). For a municipality to be liable for a failure to train, "the identified deficiency in [the municipality's] training program must be closely related to the ultimate injury" sustained by the plaintiff. *Canton*, 489 U.S. at 391.

Although Baidwan brought his claim for failure to train against Crawfordsville PD, Crawfordsville PD, as a municipal police department, cannot be properly sued in Indiana. *See Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011) ("the Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued"). Instead, the proper party for municipal liability under Baidwan's failure to train theory would be the City of Crawfordville, which has not been named as a Defendant in this action. Because Baidwan cannot properly assert a claim against Crawfordsville PD, summary judgment is granted on Baidwan's claim for failure to train.

Moreover, even if Baidwan could bring a claim against Crawfordsville PD, he has still failed to sufficiently demonstrate that Crawfordsville PD acted with deliberate indifference in

failing to train its officers, including Officer Colley. Baidwan has not provided any evidence showing that Crawfordsville PD knew or learned of any training deficiencies that would likely result in constitutional violations and failed to address such deficiencies. In fact, Baidwan instead provided evidence indicating that Officer Colley received training regarding basic criminal laws and investigations, battery reports, probable cause, and proper arrest procedures from Crawfordsville PD. ([Filing No. 31 at 14](); [Filing No. 32-11](); [Filing No. 32-12]().) The designated evidence does not adequately illustrate that Crawfordsville PD acted with deliberate indifference to support Baidwan's failure to train, and summary judgment is **granted** on this claim.

## IV. CONCLUSION

For the reasons stated above, the Defendants' Motion for Summary Judgment ([Filing No. 26]()) is **GRANTED**. Judgment will be entered accordingly.

**SO ORDERED.**

Date: 10/27/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Rafael Ramirez
RAMIREZ LAW OFFICE, P.C.
rafael@ramirez-law.com

Caren L. Pollack
POLLACK LAW FIRM, P.C.
cpollack@pollacklawpc.com

Zachary J. Stock
POLLACK LAW FIRM PC
zstock@pollacklawpc.com